## No. 8261.

THE STATE EX REL. JOSIAH FISK VS. POLICE JURY OF THE PARISH OF JEFFERSON, LEFT BANK.

1. In a case wherein the judgment of this Court has been reversed by the Supreme Court. of the United States, and remanded "for further proceedings to be had therein not inconsistent" therewith, this Court is fully competent to judge of *all facts* not set forth in that finding, and decree as in its opinion justice may require. 91 U. S. 423, *Ex parte French*; U. S. R. S. 709, and authorities cited.

2. The failure of an appellee to request an amendment of the judgment of the district court, and an increase of the tax levy ordered therein, deprives him of remedy therefor in this Court.

ON MOTION and Suggestion of the Relator to Execute the Decree of the Supreme Court of the United States.

*Chas. Louque* for Plaintiff and Appellant.

*S. S. Carlisle* and *James D. Coleman* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. It appears from a re-examination of the record herein that the relator avers that defendant parish was indebted to him in the sum of $4,454 (in capital), which with costs and interest added, aggregates the sum of $5,411, and which is evidenced by sundry judgments enumerated, that "were to enforce contracts which were made during the years 1871, 1872, 1874, 1875, 1876 and 1877. That during that period of time the limit of taxation for parochial purpose was 100 per cent of the State tax for any year. That during said years the rate of taxation was as follows: For 1871, ——; for 1872, 21½ mills; 1873 to 1876, inclusive, 14½ mills; 1877, 13 mills. That during that period of time, the rate of taxes levied by the police jury was 10 mills on the dollar with the exception of 1876, when the rate was increased to 14½ mills. The assessment rolls of the police jury of Jefferson, left bank, amounts to the sum of $594,719, and it is necessary to levy a tax of ten mills thereon.

"That it is made the duty of the police jury to *levy* the taxes, and no other person has the right to exercise that power."

He further alleges that his sole remedy is by mandamus to compel the police jury to levy a tax sufficient to pay said judgments, and he prayed for an alternative writ of mandamus against the police jury, and the sheriff and *ex officio* tax collector, to compel the one to levy and the other to collect, "a tax of 10 mills on the dollar of all assessed property within said parish, left bank, to pay" said judgments; and to apply the same when collected to the payment of same.

He also alleged that said judgments evidenced protected contracts, in the sense of Article 10 of the United States Constitution.

The preliminary writ was granted. To this petition the defendant police jury aver that they have exhausted their power of taxation, and levied the highest rate authorized by law; and "that during the years from 1870 to the present time, inclusive, the several police juries exhausted their powers and limit of taxation that was authorized by law," and they pray for the rejection of defendant's demands.

On the trial it was "admitted that the rate of taxation, both for State and parish, *is as stated in the petition filed in this suit, and for the years therein stated,* and that the police jury has never passed any ordinance to levy a tax to pay the judgments mentioned." There was no counter-ruling evidence adduced by defendant.

The district judge assigned as one of his "reasons for judgment," that it appeared from the evidence that relator is a contract-creditor of the defendant parish, and that at the time "his judgments were rendered Act 69 of 1869, reenacted in the Revised Statutes of 1870 as Sections 2628, 2629, 2630, 2747, 2748 and 2749. was in full force and effect, and constituted a part of the contract, as well as of the judgments." 4 Wallace, 535; 31 Ann. 747, Moore vs. City of New Orleans.

But the district judge limited his decree to relator's judgments Nos. 4032, 4102 and 1337, and rejected and disallowed judgment No. 4302, on the *sole* ground that same "appears to have been *rendered after* the repeal of the Act of 1869."

The judgment appealed from ordered the defendant police jury to budget said first three judgments, and to levy "a tax of six mills on the dollar of the assessed property of the parish to pay the above judgments, interest and cost;" and that the sheriff and *ex officio* tax collector be ordered to collect said tax and apply the proceeds thereof to relator's judgments *pro tanto*.

From that judgment the *defendant* appealed; and in this Court, relator, in his answer to the appeal, prays "that the judgment of the lower court be amended so as to include in the mandamus judgment No. 4302,

for $2,107.31, interest and cost, and *as amended* that the judgment appealed from be affirmed with cost."

This Court reversed the judgment of the lower court and refused the mandamus prayed for, at relator's cost.

The relator applied to the United States Supreme Court for a writ of error, and upon trial therein the judgment of this Court was reversed and remanded for "further proceedings to be had therein, not inconsistent with the opinion of" that Court, the mandate whereof was filed in this Court on the 9th of April, 1886.

It is proper that we should state that we feel ourselves restricted to directing a levy of six mills tax by reason of relator's failure to request this Court to amend the judgment of the district court which limited the tax levy to that rate.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed in so far as it orders defendant police jury to budget relator's judgment in suit No. 1432, for $150, with five per cent per annum interest from the 20th of April, 1874, until paid, and sheriff's and clerk's cost, aggregating $112.75; and the amount of judgment in suit No. 4102, for $1,833.37 and clerk's cost, aggregating $16, and five per cent interest per annum from the 20th of April, 1874, until paid; and the amount of judgment in suit No. 1337, for the sum of $364, with five per cent per annum interest from March 1, 1875, until paid, and clerk's and sheriff's cost, $8.50.

It is further ordered, adjudged and decreed that said defendant police jury levy an additional tax of six mills on the dollar of all the assessed property of the parish to pay the above judgments, interest and cost; and that the sheriff and *ex officio* tax collector proceed to collect said tax, and same, when collected, to pay relator in satisfaction of said judgments *pro tanto*.

It is further ordered, adjudged and decreed that said judgment and decree be annulled, avoided and reversed in so far as it rejects and disallows relator's judgment No. 4032, for $2,107, with five per cent per annum interest from the 18th of March, 1878, and clerk's and sheriff's cost, $50.

And it is now ordered, adjudged and decreed that said sum be included in, and covered by, the budget and levy the defendant police jury are herein required to make; said sum to be included in said six mills tax therein ordered to be levied, assessed, collected and applied to relator's judgments; as well as the cost of suit in the Supreme Court of the United States, and specified in the annexed mandate; as also the

the cost of this Court and that of the court *a qua*, taxed against the defendant.

It is finally ordered, adjudged and decreed that the alternative writ of mandamus prayed for be made peremptory—fully reserving relator's right to an additional tax if six mills levy proves inadequate.