### POLICE JURY OF JEFFERSON v. UNITED STATES ex rel. FISK.

(Circuit Court of Appeals, Fifth Circuit. January 2, 1894.)

No. 152.

**1.** MANDAMUS—TO PARISH OFFICERS—CONSOLIDATION OF PARISH.

A mandamus against the police jury of a division of a parish, to compel a levy of taxes to pay a judgment, may be enforced, after a consolidation of the divisions, against the police jury of the parish thus formed. State v. Police Jury of Jefferson, 3 South. 88, 39 La. Ann. 979, and U. S. v. Port of Mobile, 12 Fed. 768, followed.

**2.** RES JUDICATA—MANDAMUS—MERGER OF JUDGMENTS.

Questions which have been decided by courts of last resort, on application for mandamus to enforce certain judgments against a parish, are res judicata, on a subsequent application by the same party to enforce a new judgment, into which unpaid balances on the original

judgments have been merged together with other judgments, in so far as the remainder of the original judgments are concerned, but not as to the additional judgments merged with them.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

On the 14th of February, 1881, Josiah Fisk, a judgment creditor of the parish of Jefferson, Left Bank, presented his petition for a mandamus in the district court for the parish of Jefferson, asking for a levy of a special tax to pay his judgments, reciting in said petition the following: Judgment for $150, with 5 per cent. interest from April 9, 1872; clerk's and sheriff's costs, $112.70. Judgment for $1,833.37, with 5 per cent. interest from April 20, 1874; clerk's and sheriff's costs, $16. Judgment for $364, with 5 per cent. interest from March 1, 1875; clerk's and sheriff's costs, $8.50. Judgment for $2,107, with 5 per cent. interest from March 18, 1878; clerk's and sheriff's costs, $50. The writ was granted by the lower court for a part of the demand, and the police jury of the parish took an appeal to the supreme court of Louisiana, which court reversed the judgment of the district court, and refused the writ of mandamus. 34 La. Ann. 41. On the 21st March, 1881, Josiah Fisk, the holder of two other judgments against the parish of Jefferson, Left Bank, for the payment of which a tax had been ordered to be levied at the time of the rendition of the judgment, to wit, for $358.23, with legal interest from March 1, 1875, and one for $482.10, with interest at 8 per cent. per annum from April 30, 1875, took a rule in the district court for the parish of Jefferson against the sheriff, ex officio tax collector, and the police jury of Jefferson parish, Left Bank, to show cause why a mandate should not issue, ordering the said sheriff to collect a tax sufficient to pay said judgments in accordance with the terms thereof. This rule, on hearing, was made absolute, and the police jury of the parish of Jefferson, Left Bank, and the sheriff, appealed to the supreme court of the state, which court reversed the judgment of the district court, and rejected plaintiff's demand. From both adverse judgments rendered in the supreme court of the state, the plaintiff, Fisk, sued out writs of error to the supreme court of the United States.

The federal question involved in each case, which was decided adversely to Fisk in the supreme court of the state, was whether Fisk's judgments were based on contract claims between him and the parish of Jefferson, Left Bank, of which the right of taxation to pay the same as provided by the laws limiting taxation then in force was an element, and whether such contract rights could be affected or impaired by the restrictive provisions in regard to the limits of taxation permitted to municipalities found in the constitution of 1879 and 1880. Both cases were heard together in the supreme court of the United States, and that court decided that Fisk had contract rights with the parish of Jefferson, Left Bank, involving the limits of parish taxation, which could not be impaired by the restrictive provisions of the constitution of 1879–80, and thereupon reversed the judgment of the supreme court of the state of Louisiana, and remanded the cases to that court for further proceedings not inconsistent with their opinion. 6 Sup. Ct. 329. Mandates being filed in the supreme court of the state of Louisiana, that court, in the first-mentioned case, proceeded to amend and affirm the judgment of the district court for the parish of Jefferson in favor of Fisk, and thereupon ordered, adjudged, and decreed "that said defendant the police jury levy an additional tax of six mills on the dollar of all the assessed property of the parish, to pay the above judgment, interest, and costs, and that the sheriff and ex officio tax collector proceed to collect said tax; the same, when collected, to be paid to the relator in satisfaction of said judgments, pro tanto." And "it was further ordered, adjudged, and decreed that the alternative writ of mandamus prayed for be made peremptory, fully reserving relator's right to an additional tax, if six mills' levy proves inadequate." In the second-mentioned case, the supreme court of the state held "that their former judgment was correct, upon grounds not inconsistent with the opinion of the supreme court of the United States," and thereupon adjudged that their

"former decree should remain undisturbed, and that all costs of the district court and of this court be taxed against the plaintiff and appellee, without prejudice, however, to his right to enforce his judgments against defendants by such other and further proceedings as he may be entitled to under the decree of the supreme court of the United States."

It appears that, during the pendency of these proceedings in the courts, the divisions of the parish of Jefferson known as the "Right" and "Left Banks," by an act of the legislature of the state known as "Act 92 of 1884," were united, constituting the one parish of Jefferson, with one police jury. Shortly after the decrees by the supreme court of Louisiana aforesaid, a rule was taken by the police jury of Jefferson to vacate said decree ordering the tax of six mills, and declare its nullity, as also that of the judgment of the supreme court of the United States, on the ground that the said police jury of Jefferson was not a party to the proceeding in which said judgment was rendered; that said proceeding was instituted and conducted against the police jury of Jefferson parish, Left Bank; and that said judgment could not, therefore, embrace or affect the parish of Jefferson, or its present police jury. This rule was quashed and dismissed in the district court, and on appeal was affirmed by the supreme court of the state; that court holding, under the facts of the case, that the police jury of Jefferson was the successor of the police juries of Jefferson, Right and Left Banks, and that the decrees of the supreme court of the state in the cases aforesaid were directed against the police jury of the parish of Jefferson. 3 South. 88.

The tax of six mills was levied and collected to such an extent that payments amounting to $2,528.80 were made at different dates on the judgments embraced in the first-mentioned suit, but not sufficient to fully pay the same. Thereupon, Fisk, who had in the mean time become a citizen of the state of Iowa, brought suit in the circuit court of the United States for the eastern district of Louisiana against the police jury of Jefferson parish to recover the amount due on all of his judgments, so far as they were unpaid. Having obtained a judgment and having issued execution, and the same being returned "nulla bona," relator, Fisk, sued out a writ of mandamus to compel the police jury of the parish of Jefferson, and the individual members of the jury, (naming each of them,) to levy a special tax of 1½ per cent., or as much thereof as may be necessary to pay the judgments, interest, and costs. To the petition for a mandamus, the police jury of the parish of Jefferson, and the individual members thereof, filed a lengthy answer, wherein they asserted the constitutional provisions and restrictions imposed by the constitution of 1879–80; denied the relator's contract rights; denied that the supreme court of the state or the supreme court of the United States had finally decided anything, conclusively, against the defendants; alleged that the limit of taxation authorized by the laws of the state had been levied in the years 1870 to 1879, inclusive, covering all the time when Fisk was employed by the parish of Jefferson, Left Bank, and that the power of the police jury to levy taxes for all purposes during the years specified was limited to four mills per annum, and the limit therein allowed had been exhausted at the time.

On the trial, after the evidence was submitted, the court directed a verdict in favor of the relator, and the defendants sued out this writ of error.

Seasonable bills of exception were taken, and the case, on the law and the facts, is fully presented; the following being the errors assigned, on which a reversal is claimed:

"First. The court erred in directing a verdict for relator on the testimony and evidence in the cause; said testimony, evidence, and direction being set forth in the bill of exceptions No. 1, settled, signed, and filed of record herein, April 3, 1893, and referred to as part of this assignment. Second. The court erred in refusing the request of respondents that the court should charge the jury as to the legal limitations on the taxing power of the parish of Jefferson, Left Bank, and the parish of Jefferson, from and after the year 1870, and should charge the jury that, if the jury should find from the evidence said legal limitations had been reached in the levy of taxes by said police juries, a verdict must be found for the respondents. This as set forth in bill of exceptions No. 2, settled, signed, and filed of

record April 3, 1893, and referred to as part of this assignment. Third. The court erred in refusing to instruct the jury that the present police jury of the parish of Jefferson, created by Act No. 92 of 1884, defendant in this cause, is a different legal being from the police jury of the parish of Jefferson, Left Bank, with whom relator alleges he made his contracts in the year 1871, and that under the said act of 1884, and especially in its sixth section, the relator is not entitled to a mandamus against the present respondents in the premises; the request and the said refusal being set forth in bill of exceptions No. 3, settled, signed, and filed of record herein April 3, 1893, and referred to as part of this assignment. Fourth. The court erred in refusing the request of the respondents that the court should charge the jury to find a verdict for the defendant, and in directing a verdict for relator, as set forth in the bill of exceptions No. 4, settled, signed, and filed of record April 3, 1893, and referred to as part of this assignment. Fifth. The court erred in directing a verdict for the relator. Sixth. The court erred in rendering judgment in favor of relator."

W. W. Howe, S. S. Prentiss, and James David Coleman, for plaintiff in error.

Chas. Louque, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts as above.) The assignments of error present two questions, the disposition of which will dispose of the case. The police jury of the parish of Jefferson, appellant, contended in the court below that it was a different legal being from the police jury of the parish of Jefferson, Left Bank, and, as shown by the third bill of exceptions in the record, on the trial of the case, requested the court to charge the jury "that the present police jury of the parish of Jefferson, defendant in this cause, is a different legal being from the police jury of the parish of Jefferson, Left Bank, which is alleged by the relator to have made the contracts with him in 1871, and that under the Act No. 92 of 1884, creating the present parish of Jefferson, and especially the provisions of the sixth section, the relator is not entitled to a mandamus against the present respondents," which charge, as requested, the court refused. A similar question was presented upon similar facts in the case of U. S. v. Port of Mobile, 12 Fed. 768, and it was there held that "the liability of the port of Mobile for the relator's judgment is settled by the judgment. All questions in the case back of that judgment are res judicata. See U. S. v. New Orleans, 98 U. S. 395; Wolff v. New Orleans, 103 U. S. 360." This authority ought to settle the matter, but, as between the parties here, the question is conclusively settled by the decision of the supreme court of the state of Louisiana in State v. Police Jury of Jefferson, 39 La. Ann. 979, 3 South. 88, where precisely the same question now made was adjudicated against the plaintiff in error.

The next question presented in different forms by several bills of exceptions and in different assignments of error is how far the demand of the relator is res judicata between the parties, and this in relation to the force and effect of the restrictions upon municipal taxation found in the constitution of 1879–80, in regard to the matter of fact whether the parish of Jefferson, Left Bank, had ex-

hausted the limit of municipal taxation for the years 1871 to 1877, inclusive, and also as to whether the rate of municipal taxation allowed by law for those years was 4 mills or 14½ mills. The supreme court of the United States decided between these same parties that Fisk's claims against the parish of Jefferson, Left Bank, growing out of his employment as parish attorney, were based on a contract with the parish, and that, thereunder, Fisk had a right to look to the rate of taxation allowed by law during the term of his employment; and, further, that the provision of the constitution of 1879--80, restricting the limit of municipal taxation, so far as it was in conflict with the acts in force during Fisk's employment, and as applied to the contract of Fisk, impaired its obligation, by destroying the remedy, pro tanto. The supreme court of the state of Louisiana, in State ex rel. Fisk v. Police Jury, 38 La. Ann. 505, decided between these same parties that, as to the judgments embraced in the first mandamus suit, (as set forth in the statement of facts,) the limit of taxation for parochial purposes in the parish of Jefferson, Left Bank, during the years 1871 to 1877, inclusive, was as follows: For 1871, ———; for 1872, 21½ mills; for 1873 to 1876, inclusive, 14½ mills; for 1877, 13 mills,—and that during that period of time the rate of taxes levied by the police jury was 10 mills on the dollar, with the exception of 1876, when the rate was increased to 14½ mills. And the same court, in the same case, gave judgment for the relator, Fisk, directing that a tax of 6 mills be levied, assessed, and collected, and applied to relator's judgments described in the case, and fully reserving relator's rights to an additional tax, if 6 mills should prove inadequate. In the case of Fisk v. Police Jury, 38 La. Ann. 508, which was an appeal from the judgment of the district court on a rule for a mandamus to compel the levy of a tax to pay certain judgments described in the second suit mentioned in the statement of facts, the supreme court of Louisiana held and decided that, irrespective of the restrictive provisions in relation to municipal taxation found in the constitution of 1879--80, the relator was not entitled to the relief prayed for, because of defects in his form of proceeding, but reserved to him his right to enforce his judgments by other and further proceedings, as he might be entitled to. From this statement, it appears, in regard to all the judgments included in the first-mentioned suit for a mandamus, all the questions arising between the parties as to the effect of the constitution of 1879--80 on Fisk's demands; as to the limit of municipal taxation in the parish of Jefferson, Left Bank, for the years 1871 to 1877, inclusive, and with regard to whether that limit had been reached, and the power of taxation exhausted,—were all adjudicated and settled by courts of the highest authority, and that the same are now res judicata, and in no respect open for further dispute between the parties. It further appears that as to the other judgments of the relator, Fisk, against the police jury of the parish of Jefferson, Left Bank, although now merged in a judgment against the police jury of the parish of Jefferson, there has been no adjudication concluding the police jury of the parish of Jefferson in any other matter than as to

the application of the restrictive provisions of the constitution of 1879-80.

On the trial in the court below the court ruled that the admissions of the defendants and the judgment of the supreme court of the United States and of the supreme court of Louisiana, above referred to, were decisive of the cause in favor of the relator, and directed a verdict accordingly. In our view of the case, this ruling was incorrect, so far as it included the whole judgment of the relator against the police jury of the parish of Jefferson. The verdict in favor of relator should have been restricted to that part of the judgment of the circuit court based upon the judgment claims included in the first suit for mandamus, (described in the statement of facts,) and confirmed by the supreme court of the state in 38 La. Ann. 505. As the judgment claims of Fisk are recited in detail in the judgment of the court below, the error is one which can be corrected by amendments, without awarding a venire de novo.

It is therefore ordered, adjudged, and decreed that the judgment of the circuit court be, and the same is hereby, amended by striking out the fifth claim, of $482.10, with 8 per cent. interest thereon from March 1, 1875, until paid, and $8.50, clerk's and sheriff's costs, and the sixth claim, for $358.22, with 5 per cent. interest from March 1, 1875, and $5.95, clerk's costs, and $5.75, sheriff's costs, and that otherwise the judgment of the circuit court be, and the same is hereby, affirmed. It is further ordered, adjudged, and decreed that the defendant in error pay the costs of this court.