### No. 8363.

JOSIAH FISK VS. THE POLICE JURY OF THE PARISH OF JEFFERSON, LEFT BANK.

The plaintiff and appellee having failed to make the police jury party to rule on sheriff and assessor, to assess the tax demanded, this Court cannot afford him relief.

Proceedings by mandamus are *stricti juris*, and must conform to Code of Practice.

ON MOTION and Suggestion of Plaintiff to Execute the Decree of the Supreme Court of the United States.

*Chas. Louque* for Plaintiff and Appellant.

*S. S. Carlisle* and *James D. Coleman* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. It appears from the record herein that plaintiff, on suggesting to the district court that he had two judgments against the defendant parish, Nos. 1291 and 1292, in which the court rendering the same ordered a tax to be levied to pay said judgments, prayed an order of the court requiring the "sheriff and *ex officio* tax collector, and the police jury of Jefferson, left bank, to show cause on Monday, the 4th day of April, at 11 o'clock A. M., why a *mandate* should not issue from this court ordering said *sheriff to collect* a tax sufficient to pay said judgments in accordance with the terms thereof."

To this proceeding defendant excepted on the grounds, viz:

1st. Because said motion and rule are defective and insufficient in their grounds.

2d. Because said judgments are absolutely null and void, etc.

3d. Because plaintiff's proceeding for mandamus herein is not by petition and oath, as required by C. P. 829.

Subsequently, a similar rule was taken on the assessor, and a like exception taken; and thereafter said exceptions were overruled, and a judgment rendered requiring "that the State assessor, P. A. Bienvenu, be ordered to assess a parish *tax* at a *sufficient* rate per cent upon the assessment roll of the current year 1881, of all assessed property within said parish of Jefferson, left bank, to pay said judgments;" and requir-

ing the sheriff and *ex officio* tax collector to collect and apply the same to their payment.

From this judgment the defendant appealed to this Court, and they decided that: "The judgment orders the *assessor to assess* a parish tax to an amount sufficient to satisfy plaintiff's judgments. No such authority as that imposed upon the assessor, *i. e.*, the *levying* of a tax, is authorized by law. Taxes for parochial purposes, or to settle parochial indebtedness, can only be levied under the conditions established by the legislative will—by *the police jury*. This levy must first be made by the proper authorities, without which the assessor and the sheriff are powerless to extend on the roll the amount of the tax, or to collect the same.

"As we have said before, in order to enforce the law (since repealed) which was in existence at the time the debt was contracted and the judgment rendered, it must be shown that the repeal of the law was inoperative, because impairing the obligation of a contract, and that the judgment was based upon a contract. No such evidence is afforded by the record herein."

From this judgment a writ of error was prosecuted to the United States Supreme Court, and upon trial therein the judgment of this Court was reversed and remanded to this Court "for further proceedings to be had therein not inconsistent with the *opinion*" of that Court.

Referring to the opinion on file herein, we find this expression, viz: "These cases are brought before this Court by writs of error to the Supreme Court of Louisiana. As they involve the same questions, between same parties, they may be decided together." The Court then proceeds to discuss the ground of their jurisdiction to review these judgments, viz: whether "they are founded on a law of the State which impaired the obligation of his contract, to wit: the contract on which he procured the judgments already mentioned," and held that plaintiff's judgments evidenced protected contracts in that sense, and the constitutional provision invoked as limiting the power of the defendant police jury in levying taxes was in plain violation thereof, and inoperative so far as they are concerned.

But that decree did not alter, amend or revise the *other* portion of the former decree of this Court to the effect that the *assessor* had no power to *levy* a tax—hence that part of same remains in full force and effect.

It is therefore ordered that former decree of this Court remain undisturbed, and that all costs of the district court and of this Court be taxed against the plaintiff and appellee—without prejudice, however, to his right to enforce his judgments against defendant by such other and further proceedings as he may be entitled to under the decree of the Supreme Court of United States.