JAMES R. STOCKTON v. THE BOARD OF EDUCATION OF THE CITY OF BURLINGTON.

Submitted December 7, 1904—Decided February 27, 1905.

In case of a controversy between a citizen and the local board of education respecting the public·school to which the children of the citizen should be assigned, all remedies provided by the School law of 1903 must be exhausted by the citizen before the prerogative writs of the state are awarded to him.

On rule to show cause why mandamus should not issue.

Before Justices DIXON and SWAYZE.

For the relator, *D. Cooper Allinson* and *Linton Satterthwait.*

For the respondent, *Howard Flanders* and *Edmund B. Leaming.*

The opinion of the court was delivered by

DIXON, J. By section 50 of the School law, passed at the special session of the legislature October 19th, 1903, the board of education of the city of Burlington has the supervision, control and management of the public schools in that city. In January, 1904, the relator's two daughters were transferred by the supervising principal from the schools which they had previously attended to another public school, and on February 24th, 1904, the relator applied to the board to restore his children to the former schools. A lengthy correspondence ensued, the upshot of which was a refusal by the board to interfere. Thereupon the·relator obtained a rule requiring the board to show cause why a *mandamus* should not issue compelling such restoration.

By the tenth section of the School law the controversy thus existing between the relator and the board is made the subject

of decision by the state superintendent of public instruction, and his decision will, under the third section, be subject to appeal to the state board of education. Until the remedies thus provided have been exhausted the prerogative writs of the state should not be awarded. *Jefferson* v. *Board of Education,* 35 *Vroom* 59; *Draper* v. *Commissioners of Public Instruction,* 37 *Id.* 54.

The rule to show cause is discharged.