143 So. 59

**STATE** ex rel. **DODD** v. **TISON.**

No. 31849.

June 20, 1932.

Cook & Cook, of Shreveport, and M. L. Dismukes, D. J. Hyams, and W. P. Cunningham, all of Natchitoches, for appellant.

Scarborough & Barham, of Ruston, for appellee.

Burke & Smith, of New Iberia, Madison, Madison & Fuller, of Monroe, and White, Holloman & White, of Alexandria, for Louisiana State Board of Education.

LAND, J.

Plaintiff is a qualified student of the Louisiana State Normal College at Natchitoches, La., and complains that he has been arbitrarily expelled from that institution by W. W. Tison, its president, without having been granted a hearing, without consulting him, and without advice from the faculty.

In the lower court, plaintiff applied for and obtained a writ of mandamus directed to the president of the normal college, and ordering him to reinstate plaintiff.

From this judgment defendant has appealed.

1. Before answering on the merits, defendant filed exceptions of no cause of action, and of nul tiel corporation as to the Louisiana State Normal College.

These exceptions were overruled.

Article 12, § 7, of the Constitution of 1921, provides that: "The State Board of Education shall have supervision of all other higher educational institutions, subject to such laws as the Legislature may enact."

It is also provided in Act No. 100 of 1922, section 6, that: "The State Board of Education shall administer the affairs of the following State educational institutions:

"Louisiana State Normal College, Natchitoches.

"Louisiana Polytechnic Institute, Ruston.

"Southwestern Louisiana Institute of Liberal and Technical Learning, Lafayette," etc.

In Act No. 100 of 1922, § 1, it is declared that: "The State Board of Education shall be a body politic, and corporate by the name and style of the Louisiana State Board of Education, with authority to sue and defend suits in all matters relating to the public schools not within the jurisdiction of the parish school boards, as hereinafter provided."

Section 54 of Act No. 100 of 1922 provides for suspension from school by the principal of any pupil, for good cause, pending a hearing before the parish superintendent of schools. But this provision, obviously, is a matter exclusively within the jurisdiction of the parish school boards, and does not affect or control the authority of the state board of education to defend suits relating to the suspension of a student at the Louisiana State Normal College, Natchitoches, or at any other state educational institution.

From the above provisions it is clear that the administration of the affairs of the Louisiana State Normal College, is vested in the state board of education, which has full and complete power, including matters of discipline.

It is also clear that the president of the Louisiana State Normal College is an agent or employee of the state board of education, and exercises only such authority as is granted to him, either expressly or impliedly, by that board.

[1] It is well settled that the writ of mandamus will not issue against an agent or an

employee; the right of action, if any, lying against the principal.

38 C. J. Mandamus, §§ 202, 554; Fisk v. Police Jury of Parish of Jefferson, 38 La. Ann. 508.

2. The present suit is in effect an action against the Louisiana State Normal College, as defendant is sued as president, or in his representative capacity.

 The normal college, however, is not a corporation. Since the passage of Act No. 100 of 1922, the normal college is not capable of standing in judgment, as all suits affecting it must be defended by the state board of education, under the express provisions of section 1 of Act No. 100 of 1922.

Since the normal college itself has no legal status, it follows that its president is likewise incapable of standing in judgment in matters pertaining to it. The governing body being the state board of education, suits involving its administration of other educational institutions must necessarily be brought against the state board.

As the entire power of administration of the Louisiana State Normal College is vested in the state board of education, a student who complains of the action of the agents or employees of the state board, in matters of discipline, must exhaust his recourse before the proper school authorities, as a condition precedent to a resort to the courts.

People v. Board of Education (Super. Ct.) 4 N. Y. S. 102; 38 C. J. Mandamus, § 339; 18 R. C. L., Mandamus, § 171; Preston v. Board of Education, Marion Independent School District, 124 Iowa, 355, 100 N. W. 54; Stockton v. Board of Education of Burlington, 72 N. J. Law, 80, 59 A. 1061; Eubank v. Boughton, 98 Va. 499, 36 S. E. 529.

In our opinion, the exceptions of no cause of action and of nul tiel corporation are well founded, and should have been sustained.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the exceptions of no cause of action and of nul tiel corporation be sustained; that the order for the writ of mandamus herein issued be set aside, and that the writ be recalled; that plaintiff's demand be rejected; and that plaintiff's suit be dismissed at his cost.