HAMITER, Justice.
 

 This action in tort is a sequel to Gravity Drainage District Number Two v. Edwards et al., in which this court heretofore ordered a dismissal of the appeal on the joint motion of all parties thereto.
 

 In that case Gravity Drainage District Number Two of Tangipahoa Parish (referred -to hereinafter as Drainage District), through its then president (Edward W. Vinyard), sued to recover from A. M. Edwards, Sr., A. M. Edwards Company, Inc., and the Ponchatoula Bank & Trust Company, Inc., in Liquidation, jointly and in sohdo, the sum of $28,000' (with interest and attorney’s fees), being an amount allegedly lost by the Drainage District upon the closing and failure of the named bank in which it had funds deposited. Edwards (a member of the Board of Commissioners of the Drainage District and President of the Bank) and the A. M. Edwards Company, Inc. (of which Edwards was president) were sought to be held liable therein on a depository bond executed by them.
 

 That suit was dismissed by the district court, it having sustained exceptions of lack and want of authority in the then president of the Drainage District to institute and •prosecute the proceeding. An appeal to •this court followed.
 

 On November 9, 1944, the day fixed for a hearing of the appeal, there was filed
 
 *563
 
 here a copy of a purported resolution adopted on November 6, 1944, by the Board of Commissioners of the Drainage District, which copy was attested by the Board’s Secretary, C. Paul Phelps, and read in part as follows:
 

 “Now therefore be it resolved by the Board of Commissioners of the Gravity Drainage District No. 2 of Tangipahoa Parish, Louisiana, that the appeal herein taken in its behalf by J. H. Inman, Attorney, be dismissed; that a'certified copy of this resolution be forwarded immediately to Mr. Inman with instructions to dismiss the appeal in this cause; and in the event of his failure or refusal to do so, that the present attorney for the Board, Bolivar Kemp, District Attorney, be instructed to file a motion to dismiss the appeal in the suit of Gravity Drainage District No. 2 of Tangipahoa Parish vs. A. M. Edwards, Sr., et al; and that a certified copy of this resolution be forwarded to the Supreme Court of Louisiana.
 

 “The above resolution was seconded by Mr. Thibodeaux and on the vote being called resulted as follows:
 

 “For the resolution Butler, Thibodeaux and Corbin.
 

 “Against the resolution none.
 

 “A. M. Edwards, Sr., absent and not voting.
 

 “And the resolution was therefore declared adopted.”
 

 Upon Mr. Inman’s refusal to dismiss the appeal, the district attorney, pursuant to the instructions contained in the mentioned resolution, presented a motion to that effect! Attached thereto was the written consent of counsel for all of the appellees that it be granted. By virtue of the joint motion the appeal was ordered dismissed on December 11, 1944, Gravity Drainage Dist. No. 2 v. Edwards, 207 La. 1, 20 So.2d 405.
 

 Subsequently, on September 5, 1945, four persons, in the capacity of taxpayers within the territorial limits of the Drainage District, instituted the present action in tort, praying for a solidary judgment in the sum of $28,000, as actual damages, and the further sum of $10,000, as exemplary damages, for the use and benefit of the Drainage District and against R. Alex Corbin, Walter J. Thibodeaux, C. Paul Phelps, Bolivar E. Kemp, A. M. Edwards, Sr., and A. M. Edwards Company, Inc.
 

 In their petition plaintiffs outline the proceedings of the former suit, both in the district court and here. Also, they show that three of the original members of the Board of Commissioners of the Drainage District who authorized the institution' of that suit were succeeded (their terms had expired) by R. Alex Corbin and Walter -J. Thibodeaux (two of the defendants herein) and Turner K. Butler (recently deceased) ,■ and that the succeeding or new board adopted the resolution of November 6, 1944, directing the dismissal of the appeal in that suit which was effected through a motion filed by Bolivar E. Kemp, District Attorney. Then, and for their cause of action herein,
 
 *565
 
 plaintiffs allege that the appointment of C. Paul Phelps as Secretary of the Board, the selection of the new board members, and the adoption of the November 6, 1944, resolution (directing a dismissal of the appeal) were all steps in a conspiracy designed to release A. M. Edwards, Sr., and A. M. Edwards Company, Inc., from their obligation under the depository bond and thereby to defraud the Drainage District of an asset given as security for its lost deposits; and that the conspiracy to defraud was consummated upon Bolivar E. Kemp’s filing in the Supreme Court of the motion to dismiss the appeal, to the granting of which motion A. M. Edwards, Sr., and the A. M. Edwards Company, Inc., had consented.
 

 Among the numerous exceptions tendered by the defendants were exceptions of want of interest or capacity and of no right of action in plaintiffs to institute the proceedings for and on behalf of the Drainage District, a political corporation of the state. The district court sustained the named exceptions and dismissed the suit. From the judgment plaintiffs are appealing.
 

 For the success of this tort action plaintiffs’ counsel relies largely on the following observation contained in State v. Tensas Delta Land Company, Limited, 126 La. 59, 52 So. 216, 221:
 

 “Again, it is true that if the governing body of one of these corporations fails in its duty to bring a suit which clearly it ought to bring, the courts may (only, however, under highly exceptional circumstances) allow any citizen or taxpayer of the district to bring the suit; * *
 

 However, the court also said, immediately following such observation, that:
 

 “ * * * and, in such a case, the same privilege might for the same reason be extended to the state; but nothing of that kind is pretended in this case. There is no suggestion that the board of commissioners of the district has failed to bring suit, or is unwilling to do so. In fact, this court knows the contrary from the public prints.”
 

 That suit, instituted by the attorney general in the name of the State of Louisiana, had for its purpose the annulling of a sale of real estate made by the Tensas Basin Levee District (a political corporation) to the defendant therein, and the petition had alleged that the sale, consummated through a conspiracy to defraud, was fraudulent, corrupt and illegal and further that it was a mere disguised donation. .
 

 In keeping with the above quoted observation (relied on by plaintiffs’ counsel) from the Tensas Delta Land Company case, with reference to the right of taxpayers to question the non-performance by a political corporation of a discretionary act, is the following found in 52 American Jurisprudence, verbo Taxpayers’ Actions, Section 19:
 

 “The rule is well settled that a municipality, using that term in a general sense as including not only cities and towns,
 
 *567
 
 but any division or subdivision of a state, has, through its governing officers or body, control of the property belonging to it, and general supervision over its ordinary business. It follows that when an act in question is within the discretion of such officers or body to do or not to do, the general rule is that a private citizen and taxpayer cannot, by bill in equity, mandamus, quo warranto,' or other judicial proceeding, question the action or non-action of such officer or body; nor can a private citizen in such a case rightfully undertake to do that which he thinks such body ought to do. To justify’ the interference of a court of equity, at the suit of a taxpayer, with the action of a municipality in a matter within the discretion of its officers or board, some clear ground of equitable relief, such as fraud, must be presented; otherwise, the court cannot interfere. * * * ”
 

 If the instant action were an attempt by the plaintiff taxpayers to recover, for the use and benefit of the Drainage District, on the depository bond executed by A. M. Edwards, Sr., and A. M. Edwards Company, Inc., it might be said (although we do not so hold) that their petition, in view of the above authorities, discloses an interest or right in them to institute such a proceeding, for they do specifically allege the failure and refusal of the new Board of Commissioners, by reason of a conspiracy to defraud, to prosecute to conclusion a suit for recovery on the bond. The action we are now considering, however, is not of that character; it is one-sounding in tort, the individual members of the board, along with the other defendants,, being allegedly liable in damages (actual and exemplary) to the Drainage District solely because of their fraudulent acts. As stated in the brief of plaintiffs’ counsel:
 

 “The case at bar is an action against the Board of Commissioners individually, and third parties, charging them with conspiracy to defraud the taxpayers. The-Commissioners are necessarily hostile to-the action; would not enter the suit against themselves, and, if they did, could not be-expected to prosecute it in good faith and vigorously.”
 

 This brings us to the question immediately posed by the litigation: Do- these-plaintiff taxpayers have the right to bring, an action of this kind?
 

 In 52 American Jurisprudence, verbo Taxpayers’ Actions, Section 10, it is said:
 

 “If a taxpayer is permitted to maintain a taxpayer’s suit, it is not in his individual right, but as the representative of the district whose interests are alleged to be jeopardized by the inefficiency or maladministration of its officers, and he has no- other or higher right than the district or municipality itself could claim if the action were prosecuted in its name, and hence he can maintain the action only in cases where the district or municipality itself could dogQ ^
 

 This statement of the law is predicated to a great extent on an observation -con
 
 *569
 
 tained in City of New Orleans et al. v. New Orleans Water Works Company et al., 142 U.S. 79, 12 S.Ct. 142, 147, 35 L.Ed. 943, as follows:
 

 “Little need be said with regard to the appeal of Conery and the other taxpayers. They sue in the right of the city, the rights of the city are their rights, and they have no other or greater rights upon this appeal than has the city. * * * ”
 

 The defendant members of the Board of Commissioners are not charged by plaintiffs, as representatives of the Drainage District, with misappropriation of public funds or with negligent acts in excess of their authority or with the refusal to perform a ministerial duty which the law absolutely requires of them. At the most, plaintiffs charge them only with non-feasance, asserting that they fraudulently failed and refused to prosecute to a conclusion a suit on a depository bond given as security for funds of the Drainage District, a matter obviously within their jurisdiction and concerning which they are vested with some discretion.
 

 With respect to non-feasance by a public officer the law appears to be:
 

 “A public officer who knowingly or negligently fails or refuses to do a ministerial act which the law or legal authority absolutely requires him to do may be compelled to respond in damages to one to whom performance was owing, to the extent of the injury proximately caused by the nonperformance. Honest intentions and a mistake as to his duty will not excuse the offender. On the other hand, failure to perform discretionary and quasi-judicial powers does not in general subject an officer to personal liability so long as he is acting within the scope of his authority or jurisdiction. * * * ” 43 American Jurisprudence, verbo Public Officers, Section 278.
 

 Further, in the succeeding Section 279 we find:
 

 “As is elsewhere mentioned in this article, officers performing discretionary duties may become personally liable for negligent acts in excess of their authority. But no action lies for the negligent performance of an official duty which is judicial or discretionary in its nature, however gross or corrupt such neglect may be, so long as the acts are wholly within the officer’s jurisdiction. The remedy in all such cases is by indictment or impeachment. * * * ”
 

 Continuing, that authority states in Section 280, with reference to liability for acts of board members, as follows :
 

 “In a number of cases, public officers or the sureties on their bonds have been held personally liable for resulting damage where they fail to perform a duty expressly and positively imposed on a body of which they are members, or where they violate express provisions of law forbidding their action, or where they otherwise cause injury by violating or disobeying the law, although they act in concert as a body.
 
 *571
 
 * * * On the other hand, it is held in various cases that the neglect or breach of duty is the default of the 'board and not of the individuals composing it, and that the members may not be held personally liable. If there is refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it. The official action of its different members is merged into the official action of the board itself as an entity. * * * ”
 

 This non-liability doctrine was considered and applied in Monnier v. Godbold et al., 116 La. 165, 40 So. 604, 608, 5 L.R.A., N.S., 463, 7 Ann.Cas. 768, the court commenting therein:
 

 “In the case before us the act complained of was not one of commission, but of omission (a refusal to grant a certificate), and the action or nonaction of the corporate body was one with which the defendants were connected exclusively in their positions as members of the board. Nothing ■which they did or could do, simply as individuals, could alter the situation. As individuals, they were strangers to the act complained of. The official action of the different members became merged in the ultimate action of the board itself as an entity.”
 

 Under these authorities clearly the defendant board members are not liable in damages to the Drainage District for the neglect of duty alleged herein. The prosecution to a conclusion of a suit on the depository bond was a matter with which the Board of Commissioners had some discretion, and the members’ failure and refusal to so prosecute was the official action of the Drainage District itself.
 

 This being true, it follows logically that the remaining defendants are likewise not liable in damages. “The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action.” Cooley on Torts, Fourth Edition, Volume 1, Section 74. Certainly, the Drain-age District could not successfully sue in tort the defendants Phelps, Kemp, Edwards and the A. M. Edwards Company, Inc., concerning a matter which its governing board officially approved.
 

 And since the Drainage District cannot recover in tort from the defendants, these plaintiffs (taxpayers of‘ the district), as pointed out above, are without right to sue for and on behalf of that political corporation. ■ ,
 

 The judgment is affirmed.
 

 PONDER, J., recused.