263 So.2d 113 (1972)
Hilry HUCKABAY, III, Plaintiff-Appellant,
v.
G. Leon NETTERVILLE et al., Defendants-Appellees.
No. 8843.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
*114 Murphy W. Bell (Bell, Williams & Eames), Baton Rouge, for plaintiff-appellant.
Joshua Tilton, Asst. Atty. Gen., and Fred G. Benton, Jr., Baton Rouge, for defendants-appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This appeal is before us on a judgment sustaining an exception of no cause of action which dismissed the plaintiff's suit as to the various defendants.
The petition here seeks damages in the amount of $1,000,000.00 from Southern University, its President, G. Leon Netterville, State Superintendent of Education, William J. Dodd, Louisiana State Board of Education, Governor John J. McKeithen, and the State of Louisiana. The claim is grounded upon the proposition that the plaintiff enrolled in that university's College of Liberal Arts and its Law School in reliance upon its competency to provide him adequate professional training to pursue a career in law. It further relates that upon receiving a Juris Doctor degree from that institution, and again relying upon the training received and that degree, he took the Louisiana State Bar examination on three occasions, which he failed each time, much to his embarrassment and personal detriment. He further alleges that his failure was caused by his inferior education which was deliberately and intentionally offered at Southern University to deprive himself, and other students there, of an education equal to that offered by other state universities. The petition also states that the various defendants knew or should have known that the education offered by Southern was faulty and inadequate and that the petitioner would be at a disadvantage by pursuing it.
In opposition thereto, the defendants, all represented by the Attorney General of this state, responded with the exception previously indicated.
The matter was apparently taken up on November 8, 1971, and on December 7, 1971, written reasons for judgment were rendered by the trial judge which sustained the exception as to all parties and dismissed the suit. The plaintiff has appealed that ruling.
The defense principally excepts to this action, as to the State, on the ground that a waiver of governmental immunity has not been obtained by the petitioner. As for the various persons individually made defendants, they contend either that they are public officials acting only in their official capacity and cannot be individually responsible should the plaintiff be able to make out his case, or they rely upon L.S.A. Constitution Article 19, Sec. 26, which contains the following provisions:
"Special agencies of the state; withdrawal of consent to suits
Sec. 26. The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana: (1) The State Parks Commission of Louisiana, (2) the Recreation and Parks Commission for the whole Parish of East Baton Rouge, (3) All recreation districts created under terms of Article XIV (d-4) of this Constitution; (4) Any municipal corporation, parish or subdivision of the State in matters respecting the operation or maintenance of parks and other recreational facility or in connection with any rule or regulation applicable thereto, (5) The State Board of Education, (6) The Board of Supervisors *115 of Louisiana State University and Agricultural and Mechanical College, (7) The Parish School Boards of each of the parishes of the State of Louisiana, (8) The School Boards of the municipalities of Monroe and Ouachita Parish and Lake Charles and Calcasieu Parish, and Bogalusa and Washington Parish, (9) The State Superintendent of Public Education in his capacity as such as well as in the capacity of ex-officio secretary of the State Board of Education, and (10) the State Department of Education.
"The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
"This Section shall be self-operative and shall supercede any other portion of this Constitution or any statutes or regulations in conflict herewith. (Added Acts 1956, No. 613, adopted November 6, 1956.)"
It is a well settled principle of our law that the state enjoys immunity from suit unless it consents to such action by way of a specific waiver of that immunity. Reymond v. State Through Department of Highways, 255 La. 425, 231 So.2d 375 (1970); Weinstein, Bronfin and Heller v. LeBlanc, 249 La. 936, 192 So.2d 130 (1966).
LSA Constitutional Article 19, Sec. 26, supra, has also specifically clothed with immunity the State Board of Education (Sec. 5) and the State Superintendent of Public Education (Sec. 9) unless the Legislature grants the right to sue by way of waiver.
The record contains no waiver by the Legislature of this state as to any of the parties here made defendants.
As for the posture before this court of Southern University and its President, G. Leon Netterville, we conclude that the State Board of Education would be the proper party defendant for any suit which had, for its object, a judgment against that university or against Netterville, when acting in his capacity as President of that institution.
In State ex rel. Dodd v. Tison, 175 La. 235, 143 So. 59 (1932), which was a suit for mandamus against W. W. Tison as President of the then Louisiana State Normal College at Natchitoches, Louisiana, by a student, the Supreme Court of this State made the following observations:
"The present suit is in effect an action against the Louisiana State Normal College, as defendant, is sued as president, or in his representative capacity. (sic)
"The Normal College, however, is not a corporation. Since the passage of Act No. 100 of 1922, the Normal College is not capable of standing in judgment, as all suits affecting it must be defended by the state board of education, under the express provisions of Section 1, of Act No. 100 of 1922.
"Since the Normal College itself has no legal status, it follows that its president is likewise incapable of standing in judgment in matters pertaining to it. The governing body being the state board of education, suits involving its administration of other educational institutions must *116 necessarily be brought against the state board."
The court was there interpreting these provisions of Act No. 100 of 1922, Section 1:
"The State Board of Education shall be a body politic, and corporate by the name and style of the Louisiana State Board of Education, with authority to sue and defend suits in all matters relating to the public schools not within the jurisdiction of the parish school boards, as hereinafter provided."
That statute has now been re-enacted as LSA-R.S. 17:1 and presently reflects only minor variations from the original act which are unimportant to the case at bar.
In view of that statute and the fact that Southern University is one of the enumerated state institutions for which that board is responsible, see LSA-R.S. 17:10, the State Board of Education should properly defend any suit seeking to hold liable Southern University or its President, and, as previously noted, no legislative waiver is incorporated here which would permit such an action.
The plaintiff has also named as a defendant Governor John J. McKeithen. It is clear from the pleadings that the governor was sued for official acts only, as no injury to the petitioner is alleged by that official other than might have been done in his official capacity. We conclude, as did the trial judge, that the suit should likewise be dismissed as to the governor. In Tucker v. Edwards, 214 La. 560, 38 So.2d 241 (1948), we find these relevant comments:
"With respect to non-feasance by a public officer the law appears to be: `A public officer who knowingly or negligently fails or refuses to do a ministerial act which the law or legal authority absolutely requires him to do may be compelled to respond in damages to one to whom performance was owing, to the extent of the injury proximately caused by the nonperformance. Honest intentions and a mistake as to his duty will not excuse the offender. On the other hand, failure to perform discretionary or quasi-judicial powers does not in general subject an officer to personal liability so long as he is acting within the scope of his authority or jurisdiction. * * *' 43 American Jurisprudence, verbo public officers, Section 278.
"Further, in the succeeding Section 279 we find: `As is elsewhere mentioned in this article, officers performing discretionary duties may become personally liable for negligent acts in excess of their authority. But no action lies for the negligent performance of an official duty which is judicial or discretionary in its nature, however gross or corrupt such neglect may be, so long as the acts are wholly within the officer's jurisdiction. The remedy in all such cases is by indictment or impeachment. * * *'"
The petition makes no allegations as to any acts committed in connection herewith by the governor of this state other than in the performance of his official duties; therefore; he could not be individually or singularly responsible.
This litigation was dismissed on an exception of no cause of action. We note in passing, however, that the exception of no right of action has specifically been approved by the Supreme Court when sustaining exceptions in cases of a like nature and we, therefore, supply the exception of no right of action, as is within our authority to do according to the provisions of Code of Civil Procedure Article 927. See Weinstein, Bronfin and Heller v. LeBlanc, supra, and Tucker v. Edwards, supra.
The petitioners have argued below and to this court, by way of brief only, that this action is one sounding in contract, thus bringing it within the following exception to LSA Constitution Article 19, Sec. 26:
"There is expressly excepted from the foregoing, suits for the enforcement of *117 contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof."
Even by the most liberal construction possible, this action cannot be characterized in any other way but as an action in tort as we find no mention in the pleadings whatsoever as to any contract which could even remotely exist between the petitioner and any of the defendants nor does the petition in any way allude to such a contract. Therefore, this argument is without merit.
Accordingly, for the reasons above assigned the judgment dismissing plaintiff's suit is affirmed at his costs.
Affirmed.