WATKINS, Judge.
This is an action brought by Dr. Robert L. Ford against Jessie Stone, president of Southern University, against Southern University itself, against Lionel Johnson, chairman of the Southern University Board of Supervisors, and against the entire Southern University Board of Supervisors seeking a declaratory judgment and injunctive relief, reinstating Dr. Ford to his former position as Assistant Professor of Chemis *381 try at Southern University, granting him tenure, and granting him a promotion. The trial court after trial on the merits held Dr. Ford was not entitled to relief under Louisiana law. (A related suit is now pending in Federal Court.) 599 F.Supp. 693. From the judgment, Dr. Ford appeals. We affirm.
Dr. Ford was given a probationary contract as an Assistant Professor of Chemistry at Southern University for the 1975-76, 1976-77, 1977-78, 1978-79, and 1979-80 academic years. (A professor is given a probationary contract until he is granted tenure). In the fall of 1979, Dr. Ford applied for tenure and a promotion, but on July 26, 1980, the Board of Supervisors informed Dr. Ford he would not be granted tenure. Because Southern University has a policy of awarding a temporary contract to longtime members of the faculty who have been denied tenure, Dr. Ford was granted a non-tenured, temporary contract of employment for the 1980-81 academic year.
Dr. Ford contends that tenure is automatic in favor of a faculty member who has been under contract for more than five (5) consecutive years. However, the 1973 Faculty Handbook, which governs Dr. Ford’s tenure, reads as follows with respect to tenure of faculty members:
TENURE
All new apointees (faculty) serve a probationary period of five consecutive years. Teachers who have served this probationary period shall be considered tenured. A teacher who is transferred from one institution to another under the State Board of Education’s control shall retain his status in tenure as if he had not changed.
In case of a recommendation by the President of an institution to dismiss or discontinue the employment of a tenured teacher, that teacher shall have the right of a public hearing before the State Board of Education or a committee authorized ty (sic) the State Board of Education to act for it in receiving evidence. After such a hearing, the State Board of Education shall determine by passage of a proper resolution whether the teacher shall continue in service or he shall be dismissed.
The right of teachers to tenure shall expire at age 65.
The tenure system does not apply to presidents or other administrative officers or employees.
Criteria for Tenure. Teachers at Southern University are recommended to the State Board of Education for permanent tenure after they have served satisfactorily a probationary period of four consecutive years and have been awarded a contract for the fifth year. If approved by the Board of Education, tenure status becomes effective upon receipt of a contract for the sixth year. In the interest of maintaining a strong faculty, serious consideration is given to candidates as it pertains to the following:
1. Teaching excellence
2. Personal professional development
3. Research, publications and creative activities
4. University service
5. Advisement
The testimony taken at trial reveals that as a matter of custom as well as rule faculty members seeking tenure were evaluated under the guidelines set forth in criteria 1-5 above, and that this was a consistent function and duty of other faculty members.
Thus tenure was not automatic. It required excellence in the criteria listed in the Faculty Handbook. It appears Dr. Ford was weak in research, and that that weakness in research was the reason for his having been denied tenure. The record clearly indicates that lack of work in the field of research was a failing on the part of Dr. Ford. We cannot say that Southern University unjustly denied Dr. Ford tenure.[1]
*382 The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.

. The granting of the temporary contract to Dr. Ford for the sixth year can in no wise be considered an award of tenure, as the record establishes that a temporary contract is a non-ten *382 ured contract, and in any event even with a sixth year contract tenure is not automatic.