ARMSTRONG, Judge.
Plaintiff, Ray Magee is a seaman who was injured in that capacity and filed suit against his employer for damages. Sometime thereafter Magee sought employment with defendant, Kilgore Marine, Inc. (“Kil-gore”). In order to screen plaintiffs job application, Kilgore requested information about Magee from defendant, Employers’ Information Services, Inc., (“EIS”). After reviewing the report from EIS, which included the information that Magee had filed suit against his former employer, Kil-gore did not hire Magee.
Thereafter Magee filed a petition in Civil District Court against EIS, Kilgore, and several other defendants. EIS and Kilgore filed an exception of no cause of action. That exception was granted. Magee appeals.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception.
Hero Lands Co. v. Texaco, Inc., 310 So.2d 93, 96 (La.1975).
Thus, the issue in this case is whether plaintiff states a cause of action under either general admiralty and maritime law or Louisiana law.
In his petition Magee alleges that Kil-gore requested information from EIS in order to exclude from employment those applicants who had filed claims against other corporate entities. Magee also alleges that the defendants conspired to deprive him of his right to gain and hold employment.
*714 Magee claims that general maritime law provides protection to seamen who have been blacklisted and whose contractual rights have been interfered with through black-listing arrangements. As support for that proposition, the plaintiff cites Carroll v. Protection Maritime Insurance Co., 512 F.2d 4 (1st Cir.1975). Carroll involved a situation similar to the one in the instant case. In Carroll plaintiffs claimed that because they had in the past brought personal injury actions against their employers, they were being denied employment through the practices of defendants, insurance companies. The insurance companies sent notice to certain vessel owners that because plaintiffs had filed suits against their employers, the plaintiffs either would not be covered by the insurance companies or would be covered at a higher rate. As a result the plaintiffs were either unable to get jobs or were discharged from employment. The United States First Circuit Court of Appeals held that the complaint had stated a cause of action cognizable in admiralty. See also Pino v. Protection Maritime Insurance Co., 599 F.2d 10 (1st Cir.1979), cert denied, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979).
The facts in the instant case can be distinguished from those in Carroll. In this case EIS is not in a position to exercise upon the employers the type of financial coercion that the insurance companies applied to the vessel owners in Carroll. In fact, the petition does not allege that EIS used any type of pressure to discourage the defendant from hiring Magee. Carroll cannot be relied on as establishing a cause of action in admiralty for Magee against EIS or Kilgore. Furthermore, as a state court we are reluctant to extend a cause of action in admiralty any farther than is recognized by the federal courts.
In addition, it is axiomatic' that Louisiana does not recognize actions for tor-tious interference with a contract. Moss v. Guarisco, 409 So.2d 323, 328 (La.App. 1st Cir.1981). Moreover, Moss and the cases cited therein deal only with inducement to breach an already completed contract. This court declines the opportunity to create a new cause of action for tortious interference with the right to contract.
As for Magee’s claim that defendants conspired to deprive him of his right to gain and hold employment, Kilgore correctly points out in its brief that “the general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action.” Tucker v. Edwards, 214 La. 560, 38 So.2d 241, 245 (La.1948). As noted above there is no cause of action under either admiralty law or Louisiana Law for tortious interference with the right to contract, hence a cause of action for conspiracy to interfere with those rights must fail.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.