487 So.2d 612 (1986)
Enold CHARLES
v.
Susan FAUST, et al.
No. CA-4709.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Suzanne P. Keevers, Dean A. Sutherland, Sutherland & Juge, New Orleans, for appellees.
Nicholas Estiverne, New Orleans, for appellant.
Before KLEES, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff, Enold Charles, instituted these proceedings against Susan Faust, Diedra Fornea and Hilton Hotel Corporation on the basis that the defendants sent a medical report to plaintiff's former employer, Sonesta Hotel, which report caused him to lose his job.
The trial court granted defendant's summary judgment and this appeal followed.
Based on the allegations contained in the pleadings and briefs, we summarize the apparent factual situation as follows. Plaintiff was employed as a dishwasher at both the Hilton and Sonesta Hotels. On October 4, 1984 he injured his little finger which eventually caused its amputation. He received compensation from the Hilton, and eventually settled his compensation claim with that defendant.
Subsequent to the accident plaintiff provided Jorge Hernandez, personnel manager at the Sonesta, with a note from his physician, Dr. Ombaka, which stated that plaintiff would be unable to return to work for about four to six weeks. The Sonesta then placed plaintiff on a leave of absence.
On January 8, 1985 approximately ten weeks after the date of Dr. Ombaka's letter, Hernandez, not having heard from plaintiff requested any other medical information *613 that the Hilton may have in its possession concerning plaintiff's condition. In response thereto, Hilton forwarded a copy of Dr. Day's[1] report which stated plaintiff could have returned to work on November 16, 1984. Plaintiff was terminated from his job with the Sonesta on January 8, 1985.
In this suit plaintiff claims damages from the Hilton for invasion of privacy, tortious interference with his employment contract with the Sonesta, and abuse of rights by the Hilton and/or its personnel.
With respect to the claim for tortious interference with a contract, it is strenuously argued by defendants that such a cause of action does not exist in Louisiana. Moss v. Guarisco, 409 So.2d 323 (La.App. 1st Cir.1982). The Moss opinion gives a very thorough review of the status of that cause of action in Louisiana jurisprudence and concludes that such an action has not yet been recognized by our Supreme Court. Although the opinion's author questions the wisdom of such a ruling, as an intermediate court it is duty bound to follow the Supreme Court's holdings on the subject. See, also, Magee v. Employers Information Service, Inc., 468 So.2d 712 (La.App. 4th Cir.1985). We also must abide by those holdings and conclude plaintiff cannot recover under such an allegation.
Louisiana does recognize an action for invasion of privacy and abuse of rights,[2] and we therefore consider the merits of the summary judgment to determine its appropriateness.
A motion for summary judgment is proper only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.Pro. Art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981).
Defendants' motion is supported by the affidavit of Jorge Hernandez the personnel manager of the Royal Sonesta. In that affidavit he stated that plaintiff's name was removed "... from the Royal Sonesta payroll as having voluntarily quit, failing to return from a leave of absence or properly notifying the Sonesta." He further stated the contents of the medical report had no bearing whatsoever on his decision since the report failed to shed any light on plaintiff's continued absence from work.
In opposition to the motion, plaintiff's attorney executed and filed an affidavit wherein he stated that at plaintiff's hearing before the Department of Labor for unemployment benefits he overheard Mr. Hernandez state that he made up his mind to replace plaintiff upon receiving the Doctor's (Day) report.[3]
We agree with the trial court that summary judgment is proper. There are no disputed material facts concerning the reason plaintiff was terminated from his job. The affidavit of plaintiff's attorney does not create a material issue. It contains a hearsay statement which, in essence, is an attempt to impeach the credibility of Hernandez's affidavit, but does not provide sufficient information to create a material issue of fact in this Court's mind. Even assuming arguendo that Hernandez did make the statement, it is not inconsistent *614 with his affidavit which shows plaintiff was terminated after receipt of Dr. Day's report. The undisputed fact still remains that plaintiff was terminated for reasons other than the information contained in the report.
Irrespective of whether Hernandez requested the information from Hilton or whether it was voluntarily sent, there is no material dispute that the defendant's action played no part in the termination of plaintiff's employment. We find, therefore, as a matter of law, that the trial court's granting of summary judgment was appropriate.
AFFIRMED.
NOTES
[1] Dr. Day performed an examination of plaintiff, at Hilton's request on November 16, 1984.
[2] Jaubert v. Crowley, Post Signal, Inc., 375 So.2d 1386 (La.1979); Illinois Cent. R. Co. v. International Harvestor, 368 So.2d 1009 (La.1979).
[3] There is also another unsigned affidavit in the record which plaintiff's attorney argues that he could not get signed by an employee of the Sonesta because she was prevented by the Personnel Department of that hotel. We decline to consider an unsigned affidavit as a proper rebuttal to defendants' motion. See, Continental Casualty v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).