BARRY, Judge.
Mr. and Mrs. Kirby Ducote appeal a summary judgment granted to the State Department of Public Safety and Troopers Básele and Miller. On December 26, 1982 the Ducotes were in a car (owned by the Archdiocese of New Orleans and leased to them) which was hit by a fleeing criminal suspect who was being chased by New Orleans police and state troopers.
BACKGROUND
Mr. and Mrs. Ducote sued: Michael Jackson, the fleeing suspect; NOPD and police officers Malbrough and Wascom; the State Department of Public Safety and troopers Miller and Básele; Sentry Insurance Company, the Ducotes’ uninsured motorist carrier; and the Archdiocese’s insurer, United States Fidelity and Guaranty Company (USF & G).
USF & G’s motion for summary judgment was granted and affirmed on appeal. Bordelon v. Jackson, 499 So.2d 392 (La.App. 4th Cir.1986), writs not considered 500 So.2d 412 (La.1987). The Ducotes settled with Sentry Insurance and reserved their rights against the other defendants.
Mr. and Mrs. Ducote alleged that the troopers initiated and/or continued the high speed chase as a result of trivial offenses: that they failed to take proper safety precautions, failed to give adequate warning to motorists of the chase, and *690 violated proper police practices by initiating and/or continuing the chase.
Troopers Miller and Básele and the Department of Public Safety moved for summary judgment on the basis that the troopers were not the cause in fact of the accident. The affidavit of Trooper Miller states he and Trooper Básele received a radio call that NOPD was involved in a chase on the interstate. Almost immediately Miller saw the fleeing vehicle and several police cars in pursuit. He and Bás-ele joined the chase behind the NOPD vehicles. Miller said he and Básele were not advised of the reason for the chase.
Kirby Ducote filed an affidavit in opposition to the motion for summary judgment. He states that after the accident the first person he and his wife encountered was a state trooper who asked if they needed medical help. The trooper then went to the suspect’s vehicle. According to Mr. Du-cote, one of the state troopers said that he had been traveling eastbound and drove across the median into the westbound lanes to pursue the fleeing suspect.
THE LAW
Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, interrogatory answers and admissions together with the affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C. C.P. Art. 966; Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981); Charles v. Faust, 487 So.2d 612 (La.App. 4th Cir.1986). Summary judgment is not to be used as a substitute for trial on the merits. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied 457 So.2d 1194 (La.1984).
The mover must prove clearly and affirmatively the absence of any genuine issue of material fact. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits. Duvalle v. Lake Kenilworth, 396 So.2d 1268 (La.1981); Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir.1985).
Supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible evidence. La.C.C.P. Art. 967. Only if the mover’s affidavits and other supporting documents are sufficient does the burden shift to the opposing party to present evidence of material facts at issue. Barham & Churchill v. Campbell & Associates, 503 So.2d 576 (La.App. 4th Cir.1987), writ denied 503 So.2d 1018 (La.1987).
ANALYSIS
The motion for summary judgment contends the state troopers’ conduct was not the cause in fact of the Ducotes’ accident.
Negligent conduct is a cause in fact of harm to another person if it is considered a substantial factor in bringing about the harm. Thomas v. Missouri Pacific Railroad Company, 466 So.2d 1280 (La.1985). A cause in fact is the necessary antecedent without which an accident would not have occurred. Schiro v. Travelers Insurance Company, 489 So.2d 315 (La.App. 4th Cir.1986).
One must speculate and probabilities come into play. If the victims probably would not have encountered the harm but for the defendant’s conduct, that conduct can be considered a cause in fact. Armand v. Louisiana Power and Light Company, 482 So.2d 802 (La.App. 4th Cir.1986), writ denied 484 So.2d 669 (La.1986).
Trooper Miller’s affidavit states that he and Trooper Básele were notified by radio of the chase. Almost immediately the troopers saw the suspect’s car followed by NOPD vehicles and they followed. Nothing in Mr. Ducote’s affidavit refutes that the troopers merely joined the chase.
We cannot conclude that Mr. and Mrs. Ducote probably would not have been involved in the accident but for the fact that the troopers joined the chase. The troopers’ actions were not a substantial factor in causing the accident. The troopers conduct was not the antecedent without which the accident would not have occurred. Their actions were not the cause in fact of the *691 accident. Without causation there can be no liability.
There is no genuine issue as to material fact. The summary judgment was properly granted.
AFFIRMED.