607 So.2d 1093 (1992)
Alvin B. MARSON, Jr., Plaintiff-Appellant,
v.
NORTHWESTERN STATE UNIVERSITY, etc., et al., Defendants-Appellees.
No. 91-924.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*1094 Zorraine M. Waguespack, Denham Springs, Lorna M. Brasseaux, Baton Rouge, for plaintiff/appellant.
McCoy & Hawthrone, Dee A. Hawthorne, Natchitoches, for defendant/appellee.
Before GUIDRY, CULPEPPER[*] and SALOOM[*], JJ.
KALISTE J. SALOOM, Jr., Judge Pro Tem.
Alvin Marson appeals from the trial court's rulings sustaining an exception of no cause of action filed by Northwestern State University (hereinafter, NSU) and granting of summary judgment in favor of The Board of Trustees for State Colleges and Universities (hereinafter, The Board of Trustees). Marson sued NSU and The Board of Trustees alleging wrongful discharge from his employment as a non-tenured faculty member, for breach of contract and for violations of due process. Plaintiff appeals both rulings.

FACTS
Marson began employment as associate professor with NSU in August of 1985, under a letter of appointment for the school year of 1985-86. He later received a summer appointment for 1986 and thereafter received appointments yearly through 1989 for separate school and summer sessions. From 1985 to 1987, the 1981 NSU Faculty Handbook was in use and recited the established criteria for faculty evaluation. The 1987 NSU Faculty and Staff Handbook, which followed, also contained the same criteria under the heading of "Conditions of Employment of Faculty." Additionally, these conditions of employment were repeated in each "letter of appointment" sent to Marson after 1986. Marson continued employment under these appointments until notified on July 27, 1988, that his services would be no longer needed after July 29, 1989. Marson contends that non-renewal notice should have been given no later that the end of May, 1988.
Sometime after receiving this notice, Marson filed a grievance questioning the adequacy and timeliness of the nonrenewal of his employment. NSU declined to grant a hearing to Marson, contending that the notice was furnished in conformity with the Faculty and Staff Handbook and therefore there is no right given to a non-tenured faculty member to a hearing ensuing from a notice of nonrenewal. After additional *1095 correspondence and conferences with various members of the administration at NSU and not having resolved the dispute, Marson filed suit.
In response to the petition, NSU filed an exception of no cause of action, contending that it was not amenable to suit since only its supervisory agency, The Board of Trustees, could stand in judgment. Also, the defendant, The Board of Trustees, moved for summary judgment, asserting that there was no material issue of fact to resolve, therefore it was entitled to judgment as a matter of law. The trial court sustained the exception in favor of NSU and granted summary judgment in favor of the Board of Trustees. It is from these rulings that plaintiff appeals.
Marson assigns three errors which may be summarized as follows: (1) the trial court erred in dismissing NSU from the suit; and, (2) the trial court erred in granting summary judgment in favor of The Board of Trustees.

NO CAUSE OF ACTION
In oral argument and by briefs, counsel for Marson questioned the use of an exception of no cause of action as a procedural device to raise an objection of the defendant to be sued and stand in judgment. Appellant contends that the proper exception to challenge the capacity of NSU to be sued is a dilatory exception for a lack of procedural capacity under LSA-La. C.C.P. art. 928. We do find that the exception of no cause of action to be an appropriate method of raising the objection the NSU cannot be sued or stand in judgment. Simply stated, Marson has no cause of action against NSU. It is the wrong defendant. The Board of Trustees, under the constitution and statues, is the right defendant under its supervisory powers. La. Const.1974 art. 8, § 6 and LSA-R.S. 17:3351(A)(1).
Marson also relies on Ford v. Stone, 464 So.2d 380 (La.App. 1st Cir.1985), which involved a suit against Southern University and its President, in support of his contention that NSU is amenable to suit. This reliance is misplaced, because the issue of Southern's amenability to suit was not raised nor discussed in Ford.
State ex rel. Dodd v. Tison, 175 La. 235, 143 So. 59 (La.1932), addresses this issue. While it was a case which occurred prior to the establishment of The Board of Trustees, all of the principles are the same. At that time, the management body for NSU (then the Louisiana State Normal College at Natchitoches), was the State Board of Education instead of The Board of Trustees. In response to an exception of no cause of action, the court held that the College was not a corporation, was not capable of standing in judgment, and had to be defended by its governing board. See also Huckabay v. Netterville, 263 So.2d 113 (La.App. 1st Cir.1972); LSA-R.S. 17:3351(A)(1). Accordingly, the trial court did not err in dismissing NSU on the exception of no cause of action.

SUMMARY JUDGMENT
Marson contends that the trial judge erred in finding that there were no issues of material fact and that the defendant was entitled to judgment as a matter of law. LSA-C.C.P. art. 966 provides:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

*1096 C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
Amended by Acts 1966, No. 36, § 1; Acts 1983, No. 101, § 1, eff. June 24, 1983; Acts 1984, No. 89, § 1.
It is well settled that a motion for summary judgment should be granted if and only if, the pleadings, depositions, and answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill, supra; Thebner v. Xerox, 480 So.2d 454 (La.App. 3d Cir.1985), writ denied, 484 So.2d 139 (La.1986). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill, supra; Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981).
Plaintiff does not question the fact that he was notified in writing more than one year prior to his termination that he would not be re-employed. However, he contends that such notice was not given specifically in accord with the notice provisions set forth in the NSU Faculty and Staff Handbook and was therefore ineffective.
Based on the record before us, we conclude that there is no genuine issue of material fact with regard to Marson's employment contract. The defendants correctly assert that the existence of an oral contract is not an issue because the head of the academic department of NSU lacked express authority to bind the university. Nor do we find any merit in plaintiff's contention that the Handbook should be considered part of the employment contract. Mustiful v. State of Louisiana, Through The Board of Trustees for State Colleges & Universities, 347 So.2d 516, 518 (La.App. 2d Cir.1977). We support the contention of defendants that this issue can be resolved as a matter of law because policy handbooks do not constitute a part of the contract per se. Brannan v. Wyeth, 516 So.2d 157 (La.App. 5th Cir.1987), writ granted, 519 So.2d 109 (La.1988), affirmed in part and reversed in part, 526 So.2d 1101 (La.1988).
We also observe that NSU has complied with the policy provisions of the Handbook. The notification of non-renewal furnished on July 27, 1988, during the term of the summer appointment, satisfies the policy of 12-months notice of non-renewal of employment. We find no error in the trial court's ruling.
Finally, we observe that Marson was not a tenured employee and therefore not entitled to a hearing.
For the reasons assigned above, the judgment appealed is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, retired, and Honorable Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.