Dear Mr. Liberto:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Used Motor Vehicle and Parts Commission, a division in the Department of Economic Development in accordance with R.S. 32:772. You state that you recognize the provisions of R.S. 43:111 which prohibit a state commission from expending public funds for advertising, and ask if the Commission can legally enter into a professional services agreement with a public relations firms to increase public awareness of the existence and duties of this agency.
First we note that while R.S. 43:111 provides that the state, or any department, officer, board of commission shall not expend any public funds for advertising in any newspaper, book, pamphlet, periodical, or radio and television station, there are numerous exceptions, one of which provides as follows:
 And except that the prohibition against advertising in any newspaper, book, pamphlet, or periodical shall not apply to the Department of Economic Development or to port commissions and port, harbor, and terminal districts in carrying out their respective functions and duties under the constitution and laws of this state. (Emphasis added.)
Additionally, this office has recognized a distinction between lawful public information and unlawful public relations based upon Godwin v. East Baton Rouge Parish,372 So.2d 1060 (La.App. 1979). Atty. Gen. Op. No. 90-126A observed as follows:
 Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public.
Thus, we would conclude a contract expending public funds can be entered into with a public relations firm with the purpose of increasing public awareness of the existence and duties of your agency, and does not fall within the prohibition of "advertising".
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR