Dear Mr. Ethridge:
This office is in receipt of your request for an Attorney General's opinion regarding the Golden Pelican Award program recently implemented by the Department of Environmental Quality. It is our understanding that the program is designed to reward environmentally responsible underground storage tank operators (service station owners) by helping them to attract customers who would prefer to do business with responsible tank operators.
Presumably, the program would encourage operators to act in an environmentally responsible manner. You have advised the undersigned that this program was modeled after similar programs implemented in other states, which have been quite successful.
It is our understanding that the award consists of a sticker, which will be issued to eligible operators annually by the Department of Environmental Quality, recognizing the operator as environmentally responsible. The sticker can be displayed where customers can see it, and operators who receive the sticker will be able to promote their businesses by making potential customers aware that they have received the award.
According to your correspondence, an important factor in the success of this program will be providing the public with information about the program through public service announcements. Therefore, the Department has contracted with an advertising agency to schedule public service announcements for television and radio media. It is our understanding that the announcements are intended to promote consumer awareness of the program and what the stickers mean. The announcements will not promote individual operators or businesses.
You have contacted this office regarding the intent of the Department to pay for television and radio time using monies from the Louisiana Motor Fuels Underground Storage Tank Trust Fund. According to your correspondence, there is some concern that that the public service announcements might be considered advertising, in conflict with R.S. 43:111(A), which prohibits the state and its departments from expending public funds for advertising.
This office has recognized a distinction between the dissemination of lawful public information and unlawful public relations based upon Godwin v. East Baton Rouge Parish,372 So.2d 1060 (La.App. 1979). Atty. Gen. Op. No. 90-126A provides:
 "Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public."
Your attention is also directed to Atty. Gen. Op. No. 94-528, which determined that the Used Motor Vehicle and Parts Commission could expend public funds to enter into a contract with a public relations firm for the purpose of increasing public awareness of the existence and duties of the agency, and that such a contract does not fall within the prohibition of "advertising".
It is the opinion of this office that the expenditure of public funds for the purpose of increasing public awareness of the existence and duties of your department, including a specific departmental program such as the Golden Pelican Award program, does not fall within the prohibition of advertising.
We are compelled to point out that this opinion does not address whether expenditures for these announcements are expenditures authorized to be made from the Louisiana Motor Fuels Underground Storage Tank Trust Fund. You have advised that your Department has examined this issue and is comfortable that monies in the Trust Fund can be utilized for such purposes, therefore we have not researched this issue.
We trust the foregoing to be informative and hope that you will not hesitate to contact us if we can of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv