Dear Ms. DeFrancesch:
This office is in receipt of your recent opinion request. Therein, you request that this office address certain issues regarding the use of public funds for public service announcements and advertisements, and the employment of Clerk of Court personnel as poll commissioners. Specifically, your letter provides:
 "What public service announcements and advertisements can a public office, the Clerk of Court's office, pay for out of the office funds? This includes TV, radio, newspaper and Internet advertisements.
* * *
 Is it permissible for the Clerk of Court employees to work as poll commissioners on Election Day if the Clerk of Court, their employer, is a candidate?"
With regard to your first question, we note that you did not provide this office with any information regarding any particular announcements or advertisement your office has under consideration. As we discussed by phone, it is beyond the purview of this office to provide you with specific advice or information regarding each and every form of announcement or advertisement the Clerk of Court's office could or might contemplate paying for out of public funds. We can, however, provide you with information regarding Louisiana law regarding such advertisements and announcements, as well as citation to pertinent opinions of this office addressing same.
La. Const. Art. XI, Sec. 4 pertinently provides:
 "No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot."
This constitutional provision was examined in Godwin v. East BatonRouge Parish, 372 So.2d 1060 (La.App. 1st Cir. 1979); writ den.,373 So.2d 527 (La. 1979), wherein the court stated:
 ". . . [La. Const. Art. XI, Sec. 4] was obviously intended to protect the public fisc by prohibiting expenditure of public funds for expressly proscribed purposes, namely to promote or oppose a candidate for office, to promote or oppose the cause of any political organization, or to promote or oppose passage of any proposition submitted to the electorate. Additionally, the provision is designed to prevent public officials from using public funds to support or oppose candidates, parties or propositions."
LSA-R.S. 18:1465, contained within Louisiana's Election Code, adopts verbatim the language of the La. Const. Art. XI, Sec. 4, and provides penalties for violation of the provision.
Finally, we note the provisions of LSA-R.S. 43:111.1, which provide:
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties."
This office has recognized that the above-quoted provisions of law, among other prohibitions, clearly prohibit the use of public funds to promote or defeat any candidate or proposition, or to manipulate public opinion. Attorney General Opinion Nos. 03-0207; 02-0252. This office has, however, also recognized a distinction between the dissemination of lawful public information and unlawful public relations, based uponGodwin v. East Baton Rouge Parish, cited supra. In Attorney General Opinion No. 90-126A, we stated:
 "Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public."
Our opinions also indicate that the dissemination of purely factual information via advertisement or publication may be lawfully paid with public funds. In Attorney General Opinion No. 89-418, we determined that advertisements may be published concerning an upcoming tax election and paid for with public funds where the authority disseminates purely factual information. See also: Attorney General Opinions Nos. 02-0252; 02-0029; 99-34 and 94-528.
With regard to the second issue presented by your request, please be advised that our research revealed no provision of law which would prohibit an employee of the Clerk of Court from working as a poll commissioner for a particular election merely because his or her employer, the Clerk of Court, is a candidate in that election. With regard to the qualifications and classifications of commissioners, see LSA-R.S. 18:425(B).
Your letter requesting our opinion also sought our advice regarding an act of the legislature which you referred to as having been passed in July of 2003. However, you subsequently advised the undersigned by phone that the act your letter referred to was never adopted into law by the Legislature. As such, a discussion of that act is pretermitted herein.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Received:
Date Released: October 24, 2003