Dear Mr. Falterman:
This office is in receipt of your request of July 31, 2008 for reconsideration and clarification of Attorney General Opinion 06-0119. Your concerns and the Attorney General's responses to those concerns are presented as follows:
Original Opinion Request
In 2006, Mr. Lane A. Carson, Chief Civil Division of the District Attorney's Office in St. Tammany Parish, requested an opinion from this office concerning the publishing of an information report to inform the public about the duties, functions and program offerings that are available through the District Attorney's Office.[1] The District Attorney was contemplating disseminating an informational report that would be a twelve page color publication. It would specifically include information about victim assistance, domestic violence, juvenile, non-support, elderly abuse, worthless checks and civil and criminal responsibilities of the District Attorney's Office. In addition, it would also provide pictures, names, office addresses, telephone numbers, facsimile, e-mail and website addresses of the District Attorney, Assistant District Attorneys and various employees supplying valuable resources to the community. An opinion was requested on the following:
 1. May a District Attorney publish and disseminate an informational report regarding the operations of the District Attorney's Office bearing the photographs and names of the District Attorney and some of his employees to the citizens of his district with public funds? *Page 2 
 2. Are there any restrictions as to the method of dissemination used, i.e. newspaper insert, direct mail, business news stands placement, or door to door, etc.?
Original Response to Request
In La. Atty. Gen Op. 06-0119, this office pertinently opined that, ". . . the District Attorney may not use public funds to publish and disseminate an informational report bearing the photographs and names of the District Attorney and his employees," because "[s]uch a use of public funds would be a violation of La.R.S. 43:111.1, La.Const. Art. XI, Section 4 and R.S. 18:1465."[2]
Governing Statutory Authority
La.Const. Art. XI, § 4 prohibits the use of public funds to urge the electorate to vote for any candidate or proposition, as cited below:
 No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
La.Const. Art. XI, § 4 (1974) has been reviewed in Godwin vs. East BatonRouge Parish, 372 So. 2d 1060 (La.App. 1st Cir. 1979); writ den.373 So.2d 527 (La. 1979). In Godwin, the court concluded the following:
 [La.Const. Art. XI, § 4] was obviously intended to protect the public fisc by prohibiting expenditure of public funds for expressly proscribed purposes, namely, to promote or oppose any candidate for office, to promote or oppose the cause of any political organization, or to promote or oppose passage of any proposition submitted to the electorate. Additionally, the provision is designed to prevent public officials from using public funds to support or oppose candidates, parties or propositions. Godwin, supra, at page 1063.
La.R.S. 18:1465, contained within Louisiana's Election Code, adopts the language of La.Const. Art. XI, § 4, and provides penalties for a violation of the provision, as stated below:
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for *Page 3 
dissemination of factual information relative to a proposition appearing on an election ballot.
 B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
Further statutory restrictions that prohibit advertisements being paid for with public funds are located in La.R.S. 43:111.1, which state as follows:
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to [1] advertisements or notices required or authorized by law to be published or [2] to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.[3]
Response to request
La.R.S. 43:111.1 clearly provides that an advertisement containing the name of a public official may not be paid for with public funds unless the advertisement falls under one of the two exceptions listed therein, which state as follows: (1) if the advertisement is one required or authorized by law to be published or (2) if the public agency or body is allowed by law to advertise in the furtherance of its functions and duties.
Initially, it is important to define the meaning of the word "advertisement" as used in La.R.S. 43:111.1. Since no definition is offered in La.R.S. 43:111.1, this office believes that the statute, read in conjunction with the constitutional and other statutory provisions dealing with the same subject matter, indicates that the intended definition of "advertise" is "to give notice to, inform or notify, give public notice of.[4] Accordingly, we believe the term advertisement, as it appears in La.R.S. 43:111.1, refers to informational and factual publications and not to promotional or advocacy publications.
Moreover, the appearance of a picture of a public official on a publication is not specifically addressed in either La.R.S. 43:111.1 or in La.Const. Art. XI, § 4 or La.R.S. 18:1465. This office has previously rendered opinions treating a picture the same as a *Page 4 
name for purpose of applying the provisions of La.R.S. 43:111.1.[5]
Those portions of those opinions are recalled and vacated. Since La.R.S.43:111.1 prohibits only the use of a name, the use of a picture cannot, by itself, serve as a basis for a violation of this statute. A publication which does not contain a picture(s) and/or name of a public official can of course, based on its content alone, violate the proscriptions of La.Const. Article XI § 4 and La.R.S. 18:1465.[6]
However, a publication which does not contain a picture(s) and/or name of a public official and which, by content alone, does not violate La.Const. Article XI § 4 or La.R.S. 18:1465, could conceivably be converted to a prohibited publication by the adding of a picture(s) or name of a public official. Because there is no automatic violation of these provisions by the use of a name or a picture, a determination of whether the addition of such item(s) to a publication is a violation would be made on a case by case basis considering a totality of the circumstances surrounding the publication.[7] For example, a public official should consider the following factors before disseminating a publication: the duties and functions of the political office; the content of the publication and picture(s); frequency and timing of the publication; placement and size of the name and/or picture(s) of the public official; the form of the publication; and whether all the facts taken together have the effect of furthering the official's functions and duties.[8] *Page 5 
However, the addition of a name (but not a picture) to an advertisement is a violation unless the advertisement falls under the two specified exceptions set forth in La.R.S. 43:111.1. These exceptions clearly rely upon the existence of legal authority either to place the ads or to advertise in the furtherance of the functions and duties of the public agency or body. Application of the second exception depends in part on a determination as to whether the advertisement in question furthers the functions and duties of the office. This office has previously opined that dissemination of purely informational publications to the public regarding the functions and services of a public agency or body and access thereto is "integral to its constitutional and/or statutory power and functions."[9] We believe, therefore, that a public official's office has legal authority to advertise in the furtherance of the functions and duties of that office. A public official may use public funds to disseminate purely factual, unbiased information about projects and programs to the citizenry, in the furtherance of his/her functions and duties.[10] As a result, the inquiry as to whether an ad furthers the functions and duties of the agency or body, just like the inquiry as to a possible violation of La.Const. Article XI § 4 and La.R.S. 18:1465, would be determined on a case by case basis, and consideration would have to be given not only to the content of the publication but the totality of the circumstance surrounding its publication.
Based upon the facts originally presented this office in Attorney General Opinion 06-0119, the proposed report would be a twelve page color publication which would specifically include information about victim assistance, domestic violence, juvenile, non-support, elderly abuse, worthless checks and civil and criminal responsibilities of the District Attorney's Office, and would also provide pictures, name, addresses, telephone numbers, facsimile, e-mail and website addresses of the District Attorney, Assistant District Attorneys and various employees supplying valuable resources of the community, it is the opinion of this office that the report, itself, would not violate La.Const. Art. XI, § 4, La.R.S. 18:1465 or La.R.S. 43:111.1. *Page 6 
In addition, while the constitutional provision and statutes cited do not specifically address the methods of dissemination of a facially acceptable publication, they do address the concepts of promotion and opposition of candidate and propositions (La.Const. Art. XI § 4, La.R.S.18:1465) and furtherance of functions and duties of a public body (La.R.S. 43:111.1). The method of dissemination as well as its frequency and timing are factors which can affect a determination of these concepts. Accordingly, the method of dissemination as well as frequency and timing can be, and should be, considered in the totality of circumstances surrounding a publication to determine if it is a violation of the cited constitutional and statutory provisions, e.g. repeated door to door canvassing with printed material in close proximity to an election of a public official might convert an otherwise acceptable publication into a prohibited publication urging support for a candidate, while such activity performed the day after an election might not. These factors cannot be weighed independent of each other and since the request did not provide information on these particular circumstances we cannot opine as to the impact which they may have on the legality of the proposed publication.
In view of the above, it is therefore our opinion that a public official may advertise and/or disseminate a publication to inform the public about activities, duties, functions, projects, programs, etc., of the public entity or office, if the advertisement falls under one of the two exceptions described in La.R.S. 43:111.1. In addition, the advertisement must be purely factual, informative and unbiased, and not attempt to promote or oppose a political candidate, political organization, or proposition submitted to the electorate. The official's name, picture and contact details may be included on the publication in order to inform the public of the individual and public office disseminating the information, and to provide contact information if such is in furtherance of his/her functions and duties. Nevertheless, if a publication has the effect of promoting or opposing a political candidate, political organization, or proposition submitted to the electorate, the advertisement would be ultra vires and the public official would be subject to penalties.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: Meridith J. Trahant
 Assistant Attorney General
 JDC: MJT
[1] Attached hereto.
[2] Atty. Gen. Op. 06-0119, p. 3.
[3] The language indicates that the propriety of disseminating publications primarily depends on whether the advertisement is authorized by law or furthers the public official's functions and duties.
[4] See Black's Law Dictionary.
[5] See Atty. Gen. Ops. 07-0028, 83-179 and 75-75-589, which interpret La.R.S. 43:111.1 as prohibiting the use of public funds to pay for any advertisement that contains the name of any public official. We note that these prior opinions, including 06-0119, take a categorical approach inconsistent with the statutory provisions and other prior opinions in that they fail to consider the weighing of factors necessary to determine if an advertisement at issue falls under one of the exceptions provided in La.R.S. 43:111.1.
[6] This office has consistently recognized the distinction between the valid governmental function of providing the public information and the ultra vires activity of public relations. Atty. Gen. Op. 06-0196, 03-0319, 92-127. Our opinions have determined that the use of public funds to disseminate advertisements that promote or defeat any candidate or proposition, or to manipulate public opinion is prohibited. Atty. Gen. Op. 05-0154, 03-0319 and 05-0154.
In Attorney General Opinion 90-126A, we stated: "Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office [or other public entity] is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public . . . It is the purpose for which the public funds are spent, and the intent of the public agency or official which makes the expenditure, which controls the legal character of the expenditure."
[7] It is important to note that this office is not a finder of fact, and cannot make a determination as to whether an advertisement is in violation of the applicable law; such a determination could only be made by the courts in their role as factfinders. Atty. Gen. Op. 04-0370.
[8] The type of advertisement should be carefully chosen to determine the best method of relaying factual information to the public in order to avoid ultra vires activity.
Attorney General Opinion No. 91-634, which considered the legality of correspondence a Parish Councilman proposed to send to the residents of his district with public funds, notes that the distinction between what is and is not prohibited under these provisions of law is not always clear. Specifically, the opinion states that, "Relevant factors that may be considered to determine the propriety of a particular expenditure include an examination of the purpose for the expenditure of public funds, the intent of the public agency and the reasonable effect such expenditure would have upon the electors." Atty. Gen. Op. 76-307, 79-1191, 89-418 and 90-126A.
Accordingly, this office has consistently opined that whether a particular advertisement document containing the name and/or picture of any public official is prohibited should be determined by (1) the purpose of the expenditure of public funds, (2) the intent of the public agency, and (3) the reasonable effect of the publication on the general public. Atty. Gen. Ops. 05-0154, 91-634, 76-307, 79-1191, 89-418 and 90-126A.
[9] Atty. Gen. Op. 05-0154, p. 3, quoting Opinion No. 90-126A, p. 3.
[10] See Art. Gen. Op. 06-0196 and 04-0370. The prohibitions of La.Const. Art. XI, § 4, La.R.S. 18:1465 and La.R.S. 43:111.1 against advertisements paid for with public funds does not apply to the dissemination of purely factual information which does not have the intent to manipulate public opinion. See Atty. Gen. Op. 06-0196, 93-78, 92-484 and 92-127.