Dear Mr. Haney,
You have requested an opinion of this office regarding whether it was improper for the District Attorney of Iberia Parish to send out a letter to local residents encouraging them to make donations to the Iberia Boys and Girls Club. The letters were on your official district attorney letterhead, sent in district attorney envelopes and mailed with postage paid by your office. We note that no money was given by the district attorney's office to the Boys and Girls Club.
There is no provision of law which prohibits a district attorney from using public funds to disseminate purely factual information about projects and programs to the citizenry, in the furtherance of his functions and duties. There are laws, specifically La.Const. art. XI, Sec. 4 and La.R.S. 18:1465, [1] which prohibit the use of public funds to urge the electorate to vote for any candidate or proposition.[2]
Neither law is applicable to the letter sent by your office because it was not regarding any matter to be voted upon. *Page 2 
A further restriction against advertisements being paid for with public funds is contained in La.R.S. 43:111.1, which provides:
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to advertisements or notices required or authorized by law to be published or to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.
This office has previously opined that dissemination of purely informational publications to the public regarding the functions and services of a public agency is "integral to its constitutional and/or statutory power and functions." Atty. Gen. Op. Nos. 06-0119A, 90-126A. We believe, therefore, that a district attorney's office has legal authority to promote the functions and duties of his office. The determination of whether a promotion/advertisement furthers the functions and duties of the agency or body must be made on a case-by-case basis. This determination must be examined considering a number of factors including, but not limited to, the following: the duties and functions of the political office; the content of the publication and picture(s); frequency and timing of the publication; placement and size of the name and/or picture(s) of the public official; the form of the publication; and whether all the facts taken together have the effect of furthering the official's functions and duties. Atty. Gen. Op. No. 06-0119A.
In the instant case, it appears to us that the letter sent by your office educating the recipient about the work of the Boys and Girls Club and seeking donations on their behalf is in furtherance of the functions and duties of your office. The Boys and Girls Club offers programs to educate children on illegal drug use, criminal behavior, leadership development, staying in school, and other areas that affect the criminal justice system. According to correspondence from the Boys and Girls Club, although the Club is open to all youth ages 6-18, their primary focus is on children from disadvantaged circumstances who would not otherwise be able to participate in similar programs. The district attorney's office has an interest in helping young people avoid drug use, violence, and truancy, all of which would result in their involvement in crimes or misconduct. Because the district attorney's office is directly affected the Boys and Girls Club's efforts to teach youth to avoid negative, destructive behavior, it is the opinion of this office that the letter you sent was in furtherance of the functions and duties of your office and was proper. The letter was not sent to promote the district attorney himself. *Page 3 
Although it is the opinion of this office that there was no misuse of public funds based on the facts presented, we offer no opinion on whether this solicitation of funds for the Boys and Girls Club violated the Louisiana Code of Ethics. It is the policy of this office to defer to the Board of Ethics on such issues.
Finally, we note that the district attorney's office could, pursuant to La.Const. art. VII, Sec. 14(c), to enter into a cooperative endeavor agreement whereby they agree to work together to achieve their common goals.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] La.Const. art. XI, Sec. 4 provides, "[n]o public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot." La.R.S. 18:1465, contained within Louisiana's Election Code, adopts the language of La.Const. Art. XI, § 4, and provides penalties for a violation of the provision. Atty. Gen. Op. No. 06-0119A.
[2] La.Const. Art. XI, § 4 (1974) has been reviewed in Godwin vs.East Baton Rouge Parish, 372 So.2d 1060 (La.App. 1 Cir. 1979); writden. 373 So.2d 527 (La. 1979). In Godwin, the court concluded the following: "[La.Const. Art. XI, § 4] was obviously intended to protect the public fisc by prohibiting expenditure of public funds for expressly proscribed purposes, namely, to promote or oppose any candidate for office, to promote or oppose the cause of any political organization, or to promote or oppose passage of any proposition submitted to the electorate. Additionally, the provision is designed to prevent public officials from using public funds to support or oppose candidates, parties or propositions." Godwin, supra, at 1063.