Dear Mr. Vial:
You have requested an opinion from the Attorney General's office regarding whether it is proper for St. Charles Parish to underwrite the costs of mail outs by parish council members which disseminate information. In your letter, you indicate that two council members have requested for the parish to pay for mail outs which include the council member's photograph and contact information, and provide information on the various projects affecting the particular council member's district. In addition, you have indicated that an election will be held in less than two (2) years.[1]
Louisiana has a general prohibition against public funds being used to support or oppose candidates, parties or propositions, as outlined below:
La.Const. Art. XI, § 4 provides:
No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
La.Const. Art. XI, § 4 (1974) was addressed in Godwinvs. East Baton Rouge Parish,372 So. 2d 1060 (La. App. 1 Cir. 1979); writ den.373 So.2d 527 (La. 1979). In Godwin, the court concluded the following:
[La.Const. Art. XI, § 4] was obviously intended to protect the public fisc by prohibiting expenditure of public funds for expressly proscribed purposes, namely, to promote or oppose any candidate for office, to promote or oppose the cause of any political organization, or to promote or oppose passage of any proposition submitted to the electorate. Additionally, the *Page 2 
provision is designed to prevent public officials from using public funds to support or oppose candidates, parties or propositions. Godwin, supra, at page 1063.
La.R.S. 18:1465, contained within Louisiana's Election Code, adopts the language of La.Const. Art. XI, § 4, and provides penalties for a violation of the provision, as stated below:
A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
Although there is a clear prohibition against using public funds to support a candidate or proposition in the Louisiana Constitution and state law, that prohibition does not apply to the use of public funds for the dissemination of purely factual, unbiased information to the electorate relating to a proposition appearing on an election ballot.
Additionally, La.R.S. 43:111.1 relates to statutory restrictions which prohibit advertisements being paid with public funds, stating as follows:
No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to [1] advertisements or notices required or authorized by law to be published or [2] to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.[2]
While the first part of La.R.S. 43:11.1 would seem to pose an absolute bar prohibiting any advertisement/publication disseminated to the public bearing the name (and/or photograph) of a public official, this office has consistently established that there is no automatic violation by the mere use of a public official's name and/or a picture.[3] A *Page 3 
determination of whether the addition of a name or photograph to a publication is authorized must be made in light of the exceptions set forth in La.R.S. 43:111.1 and considering the totality of the circumstances surrounding the publication.[4]
The second part of La.R.S. 43:111.1 provides that an advertisement containing the name (and/or picture) of a public official may not be paid for with public funds unless the advertisement falls under one of the two exceptions listed. These exceptions clearly presume the existence of legal authority either to place the ads or to advertise in the furtherance of the functions and duties of the public agency or body. If the official is not expressly required or authorized by law to provide information to the public, application of the second exception depends in part on a determination as to whether the information disseminated furthers the public official's functions and duties of his/her office.[5]
This office has previously opined that dissemination of purely informational publications to the public regarding the functions and services of a public agency is "integral to its constitutional and/or statutory power and functions."[6] The determination of whether a promotion/advertisement furthers the functions and duties of the agency or body must be made on a case-by-case basis. Accordingly, this determination must be examined considering a number of factors including, but not limited to, the following:
the duties and functions of the political office;
the content of the publication and picture(s);
frequency and timing of the publication;
placement and size of the name and/or picture(s) of the public official;
the form of the publication; *Page 4 
and whether all the facts taken together have the effect of furthering the official's functions and duties.[7]
Moreover, in Attorney General Opinion 06-0119A we reasoned as follows:
"In addition, while the constitutional provision and statutes cited do not specifically address the methods of dissemination of a facially acceptable publication, they do address the concepts of promotion and opposition of candidate and propositions (La.Const. Art. XI § 4, La.R.S. 18:1465) and furtherance of functions and duties of a public body (La.R.S. 43:111.1). The method of dissemination as well as its frequency and timing are factors which can affect a determination of these concepts. Accordingly, the method of dissemination as well as frequency and timing can be, and should be, considered in the totality of circumstances surrounding a publication to determine if it is a violation of the cited constitutional and statutory provisions, e.g. repeated door to door canvassing with printed material in close proximity to an election of a public official might convert an otherwise acceptable publication into a prohibited publication urging support for a candidate, while such activity performed the day after an election might not."
In view of the above, it is our opinion that a public official may advertise and/or disseminate a publication to inform the public about primary activities, duties, functions, projects, programs, etc., of the public entity or office, if the advertisement falls under one of the two exceptions described in La.R.S. 43:111.1.[8] In addition, the advertisement must be purely factual, informative and unbiased, and not attempt to promote or oppose a political candidate, political organization, or proposition submitted to the electorate. The official's name, picture and contact details may be included in the publication in order to inform the public of the individual and public office disseminating the information, and to provide contact information if such is in furtherance of his/her functions and duties. Nevertheless, if a publication has the effect of promoting or opposing a political candidate, political organization, or proposition submitted to the electorate, the advertisement would be prohibited.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us. *Page 5 
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ Meridith J. Trahant Assistant Attorney General
JDC/MJT/ard
[1] The inquiry does not indicate whether the council members in question are up for the election occurring within that two-year period.
[2] The language indicates that the propriety of disseminating publications primarily depends on whether the advertisement is authorized by law or furthers the public official's functions and duties.
[3] The appearance of a picture of a public official on a publication is not specifically addressed in either La.R.S. 43:111.1 or in La.Const. Art. XI, § 4 or La.R.S. 18:1465. This office has previously rendered opinions treating a picture the same as a name for purpose of applying the provisions of La.R.S. 43:111.1.See Atty. Gen. Ops. 07-0028, 83-179 and 75-75-589, which interpret La.R.S. 43:111.1 as prohibiting the use of public funds to pay for any advertisement that contains the name of any public official. We note that these prior opinions take a categorical approach inconsistent with the statutory provisions and other prior opinions in that they fail to consider the weighing of factors necessary to determine if an advertisement at issue falls under one of the exceptions provided in La.R.S. 43:111.1. Those portions of those opinions were recalled and vacated in Atty. Gen. Op. 06-0119A.
[4] Atty. Gen. Op. 06-0119A.
[5] This office has consistently recognized the distinction between the valid governmental function of providing the public information and the ultra vires activity of public relations. Atty. Gen. Op. 06-0196, 03-0319, 92-127. Our opinions have determined that the use of public funds to disseminate advertisements that promote or defeat any candidate or proposition, or to manipulate public opinion is prohibited. Atty. Gen. Op. 05-0154, 03-0319 and 05-0154. In Attorney General Opinion 90-126A, we stated: "Without specific, express authorization from the legislature by statute (i.e. drug education, economic development, etc.), the use of public funds to finance public relation techniques to manipulate public opinion on public issues to create a body of public opinion favorable to a public official or entity, is ultra vires. The use of public funds to provide a public information function to a state office [or other public entity] is integral to its constitutional and/or statutory power and function, and is lawful if its intent is to be factually informative to the public . . . It is the purpose for which the public funds are spent, and the intent of the public agency or official which makes the expenditure, which controls the legal character of the expenditure."
[6] Atty. Gen. Ops. 06-0119A, 90-126A, 09-0100.
[7] Atty. Gen. Op. No. 06-0119A, 09-0100.
[8] It is important to note that this office is not a finder of fact, and cannot make a determination as to whether an advertisement is in violation of the applicable law; such a determination could only be made by the courts in their role as fact finders. Atty. Gen. Op. 04-0370.